UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR14-161 ADM/JJK |
| ) | |
| Plaintiff, ) | **INDICTMENT** |
| ) | |
| v. ) | 18 U.S.C. § 1341 |
| ) | 18 U.S.C. § 1343 |
| BARTOLOMEA JOSEPH MONTANARI, ) | 26 U.S.C. § 7201 |
| ) | |
| Defendant. ) | |
| ) | |

THE UNITED STATES GRAND JURY CHARGES:

### COUNT 1
(Evasion of Payment of Taxes)

1. Beginning in at least 2009 and continuing through at least January 2012, in the State and District of Minnesota and elsewhere, the defendant,

**BARTOLOMEA JOSEPH MONTANARI,**

willfully evaded and defeated the payment of, and attempted to evade and defeat the payment of, a large part of the employment and excise taxes, and Trust Fund Recovery Penalties ("TFRPs"), owed by him and by businesses he controlled, including St. Croix Development, Emlyn Coal Processing, and Montie's Resources, to the United States of America, in a total approximate amount in excess of $700,000, by committing, among other acts, the acts of evasion described below.

2. From at least 2009 through at least early 2012, the defendant transferred over $1.1 million into a bank account in Minnesota in the name of a shell entity he created and controlled called Bella Luca Properties LLC ("Bella Luca"). Bella Luca had no legitimate

SCANNED
MAY 21 2014
U.S. DISTRICT COURT MPLS

business purpose; rather the defendant used the Bella Luca account to pay personal expenses.

3.  In December 2009, in response to attempts by the Internal Revenue Service ("IRS") to collect the aforementioned taxes and TFRPs that the defendant owed, the defendant caused to be filed with the IRS in Minnesota a false and fraudulent financial statement, called a Form 433-A, "Collection Information Statement for Wage Earners and Self-Employed Individuals." The defendant made numerous misrepresentations to the IRS on the Form 433-A, which the defendant made for the purpose of evading payment of the taxes he owed, including:

   a.  The defendant misrepresented that he was living in Bayport, Minnesota, when in truth the defendant had already moved into a home he had purchased in Tennessee earlier in 2009. The purchase price of the home was $1.4 million, and the defendant had already paid the seller more than $400,000 toward the price of the home.

   b.  The defendant misrepresented his employment information by failing to disclose that he was employed by Emlyn Coal Processing and Montie's Resources.

   c.  The defendant misrepresented that he had no bank accounts, when in fact he was using the aforementioned Bella Luca bank account to receive $50,000 monthly draws from Emlyn Coal Processing or

      Montie's Resources, which funds he was using to pay personal expenses.

  d. The defendant failed to disclose numerous personal vehicles that he owned.

4. All in violation of Title 26, United States Code, Section 7201.

## COUNTS 2-3
(Mail and Wire Fraud)

5. From at least October 2008 and continuing until at least January 2009, in the State and District of Minnesota and elsewhere, the defendant,

**BARTOLOMEA JOSEPH MONTANARI,**

knowingly and intentionally devised and executed a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises.

6. It was part of the scheme that the defendant represented to his business partner that one of the defendant's entities, Montie's Resources, needed a Caterpillar dozer. The defendant represented to his business partner, and the financing company that would finance the purchase, that the price of the dozer was $275,000. In truth, as the defendant knew, the price of the dozer was $175,000.

7. It was further part of the scheme that the defendant caused to be created a false and fraudulent invoice, purportedly issued by the seller of the dozer, showing the

inflated price of $275,000 rather than the seller's actual price of $175,000.  The defendant caused the inflated invoice, not the true invoice, to be given to the financing company.

8.   It was further part of the scheme that the defendant fraudulently induced his business partner to sign and issue a personal guaranty to the financing company for the dozer, based on the falsely-inflated price, not the actual price.

9.   It was further part of the scheme that the financing company, falsely believing that it was financing the purchase of a dozer for $275,000, wired that amount to the seller.  After the seller received the payment from the financing company for the dozer, the seller notified the defendant of the $100,000 overpayment.  At the defendant's request, the seller issued a $100,000 check payable to the defendant personally, rather than returning the overpayment to the financing company.  The defendant used the $100,000 overpayment as the down payment for the home he purchased in Tennessee.

### Count 2
(Mail Fraud)

10.   The grand jury restates and realleges paragraphs 5 through 9 above as if fully set forth herein.

11.   On or about November 10, 2008, in the State and District of Minnesota and elsewhere, the defendant,

**BARTOLOMEA JOSEPH MONTANARI,**

for the purpose of executing the above-described scheme and artifice to defraud, knowingly caused to be sent, delivered, and moved by commercial interstate carrier,

4

according to the directions thereon, a personal guaranty and related documents, from Kentucky to Minnesota.

12. All in violation of Title 18, United States Code, Section 1341.

## Count 3
(Wire Fraud)

13. The grand jury realleges and restates paragraphs 5 through 9 above as if fully set forth herein.

14. On or about November 13, 2008, in the State and District of Minnesota and elsewhere, the defendant,

**BARTOLOMEA JOSEPH MONTANARI,**

for the purpose of executing the above-described scheme and artifice to defraud, knowingly transmitted and caused to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, namely: a wire transfer in the amount of $275,000 from a bank in Ohio to a bank in Minnesota.

15. All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

Counts 2-3 of this Indictment are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

As the result of the offenses alleged in Counts 2-3 of this Indictment, the defendant,

**BARTOLOMEA JOSEPH MONTANARI,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Sections 1341 and 1343.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____        _____
UNITED STATES ATTORNEY                FOREPERSON