UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Criminal No. 14-161 ADM/JJK

          Plaintiff,

v.                                           **REPORT AND RECOMMENDATION**

BARTOLOMEA JOSEPH MONTANARI,

          Defendant.

    William J. Otteson, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

    Daniel M. Scott, Esq., for the defendant, Bartolomea Joseph Montanari.

This action came on for hearing before the Court, Magistrate Judge Jeffrey J. Keyes, on July 7, 2014, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. The Court issued an Order on Motions dated July 14, 2014, reserving defendant's motion for severance of counts for submission to the District Court on Report and Recommendation.

Based upon the file and documents contained therein, along with the motion and memorandums of counsel, the Magistrate Judge makes the following:

**FINDINGS AND CONCLUSIONS**

Defendant Bartolomea Joseph Montanari has been charged in a three-count indictment filed on May 21, 2014. Count 1 of the indictment alleges the Defendant's evasion of payment of employment and excise taxes due from a

construction business and a mining business, by misrepresenting the availability of assets to pay such taxes on an IRS financial statement.[1]  Counts 2 and 3 charge mail fraud and wire fraud arising out of an alleged kickback scheme involving the sale of a Caterpillar bulldozer.

The Defendant has filed a motion for severance of the tax charge from the mail and wire fraud charges.  The evasion of tax payment count involves conduct that took place from 2009 to 2012.  The mail and wire fraud counts relate to an alleged scheme to defraud a business partner from October 2008 to January 2009.  Mr. Montanari asserts that the evasion charge was improperly joined with the counts alleging mail fraud and wire fraud because the offenses are essentially different in nature, do not significantly coincide in time, involve different victims, are treated substantially different for sentencing guidelines purposes, and therefore do not meet the requirements for joinder of offenses under Fed. R. Crim. P. 8(a).  The Defendant also contends that the joinder is prejudicial to his defense, justifying severance under Rule 14(a).  In this regard the Defendant anticipates that the government intends to offer Rule 404(b) evidence as to the fraud charges that would not be admissible in a separate

---

[1] Count 1 of the indictment alleges that the Defendant misrepresented his residence location by failing to disclose a $1.4 million home he had purchased in 2009; he misrepresented his employment status by failing to disclose specified employers; he misrepresented his banking status by failing to disclose the existence of a bank account used to receive $50,000 monthly draws from the undisclosed employers to pay personal expenses; and he failed to disclose his ownership of numerous personal vehicles.

evasion of tax payment case, and he also contends that the tax charge engenders an inherent personal prejudice by tax-paying jurors that would carry over into the fraud offenses.

The government opposes the motion to sever, noting a strong preference for joint trials and arguing that the counts are properly joined where all of the claims have a basis in fraud, some temporal overlap exists, many of the same witnesses would be called to testify, and the Defendant's business partner can properly be characterized as a victim of all the charged offenses.

Generally, joinder of offenses is favored, and the rules are construed liberally in favor of joinder. *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). Fed. R. Crim. P. 8(a) permits joinder of offenses in the same indictment if the offenses are of the same or similar character, or are based on the same act or transaction, or are based on acts connected together with or constituting parts of a common scheme or plan. The propriety of joinder under Rule 8(a) is a question of law, though relief from a legally permissible joinder may be obtained as an exercise of discretion on motion for severance due to prejudice, pursuant to Fed. R. Crim. P. 14. *United States v. Rodgers*, 732 F.2d 625, 628-29 (8th Cir. 1984). Availability of the Rule 14 remedy permits broad construction of Rule 8 in favor of initial joinder. *Rodgers* at 629.

Joinder of counts is typically justified when the counts refer to similar offenses happening over a "relatively short period of time," and evidence for each

offense overlaps. *Rodgers*, 732 F.2d at 629 (drug sales offenses separated by 20 months were properly joined where offenses were of similar type and evidence would overlap).  The "relatively short time" standard is not an objective measurement, but is a factor of the relationship between the offenses and overlapping of evidence.  *Id.*  The overlap of evidence may be marginal and extends to the possibility that evidence relating to the earlier offense might be introduced to show motive, intent or identity or other matters under Fed. R. Evid. 404(b).  *Rodgers*, 732 F.2d at 630.

In the instant case there was minimal overlap in time between the tax offense which is alleged to have occurred during the years 2009 through 2012, and the two fraud offenses which took place from October 2008 to January 2009. Also, on the face of the indictment there does not appear to be significant overlap of evidence that would be used to establish elements of the respective charges. The offenses were not contemporaneous, and are not similar in nature, beyond the general characterization that both involve deceit and/or dishonesty.  There is no self-evidence basis for concluding that the earlier bulldozer kickback scheme, which is the basis for the mail and wire fraud counts, was done in preparation for the subsequent tax payment evasion.  In addition, the gains from the bulldozer kickback are not alleged to be the subject of the tax charges.  The evasion of tax payment involves the Defendant's alleged misrepresentations on an IRS form seeking information as to assets that might have been available for payment of

taxes. The absence of any substantive overlap of evidence negates or minimizes the possibility that evidence regarding the fraud/bulldozer charges could be used to show motive or intent with regard to the tax offense.

The government points to *United States v. Midkiff*, 614 F.3d 431, 439 (8th Cir. 2010) to support joinder of the tax and fraud counts. In *Midkiff* the Eighth Circuit stated that "[t]ax charges may be joined with fraud charges if the unreported income arises solely and directly out of the fraudulent scheme." *Id.* (citing *United States v. Bibby*, 752 F.2d, 1116, 1121 (6th Cir. 1985); *United States v. Kopituk*, 690 F.2d 1289, 1313 (11th Cir. 1982); *United States v. Kenney*, 645 F.2d 1323, 1344 (9th Cir. 1981)). The Eighth Circuit held that joinder of tax counts with fraud counts was proper because certain unreported income was derived from the charged fraudulent conduct, and other tax counts were connected under a common scheme. *Id.* at 440.

Here, the government has not established a clear evidentiary nexus between the tax and the non-tax offenses. The indictment does not state, and there has been no persuasive factual showing, that the proceeds of the bulldozer kickback scheme were connected to the evasion of employment or excise tax payments. *See Midkiff*, 614 F.3d at 440 (referencing *United States v. Diaz-Munoz*, 632 F.2d 1330, 1335-36 (5th Cir. 1980) (misjoinder of tax counts with insurance fraud and embezzlement counts because the government failed to prove the illegally obtained proceeds were unreported on tax returns)). There is

no basis to conclude that evidence to establish fraud would be admissible to prove the tax violation or vice versa, and there is no readily apparent evidentiary overlap between the fraud and tax counts in this case.

Furthermore, Count 1 of the indictment is not an offense having "the same or similar character" as the mail and wire fraud charges in Counts 2 and 3. Cheating the financing company (and Defendant's business partner) by pocketing the overpayment for the equipment is not an offense of the same or similar character as the evasion of tax payment charge. (Def. memo. 2-3.)  The victims are not the same and the timing is different and separate, despite some very marginal temporal overlap.  Considering the important evidence needed to prove the separate crimes, the tax count and the bulldozer fraud counts each revolve around a set of facts essentially unique to the particular type of offense.

Nor does Count 1 involve a transaction that is connected to the bulldozer fraud counts as part of a common scheme or plan.  The counts are held together only by the fact that the Defendant was using the allegedly ill-gotten gains (from evading payment of the tax penalty and from pocketing a one hundred thousand dollars overpayment) for his personal use and enjoyment.  But this, of course, is true of most crimes and is simply not enough to constitute a common scheme or plan.  Considering the lack of similarity in the character of the tax and fraud offenses, the absence of an evidentiary nexus between the counts, and government's inability to show that the counts relate to separate aspects of a

common scheme or plan, this Court concludes that the tax count was misjoined with the fraud counts and severance is appropriate.

Defendant has also argued that severance of offenses should be granted based upon prejudice. Decision on a Rule 14 motion for severance lies within the sound discretion of the trial court. *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994). In *Robaina* the court held that it was not an abuse of discretion to deny severance when evidence relating to the earlier offense might be introduced in a separate trial on the later offense pursuant to Evid. Rule 404. *Robaina*, at 861. Defendant in this matter contends that he would be prejudiced in a joined trial, asserting that Rule 404(b) evidence as to the fraud charges would not be admissible in a separate evasion of tax payment case, along with the personal prejudice of tax-paying jurors that could taint their consideration of the fraud offenses. In that regard:

> [P]rejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately. On the other hand, a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime.

*Midkiff*, 614 F.3d at 440 (quotations and citations omitted). In this case it is not apparent that the evidence of one crime would be probative or admissible at a separate trial on the other crime(s) and therefore no prejudice would be suffered. On the other hand, the Court is confident that the jury could understand and

adhere to a trial court instruction to consider each crime separately, and not let its verdict on one count control its verdict on another count.  In any event, possible jury bias with regard to tax offenses is a matter that cannot necessarily be assumed, and severance based upon prejudice is properly considered as a remedy for prejudice that may arise or become apparent at trial.  *United States v. Robaina*, 39 F.3d 858, 861.  Severance based upon prejudice to the Defendant at this stage would be based upon speculation and would be premature.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

It is **Hereby Recommended** that Defendant Bartolomea Joseph Montanari's Motion to Sever Count One be **granted** [Docket No. 17].

Dated:   July 22, 2014

 s/Jeffrey J. Keyes  
Jeffrey J. Keyes  
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 5, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's

right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.