UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Bartolomea Joseph Montanari,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 14-161ADM/JJK

___

William J. Otteson, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Daniel M. Scott, Esq., Kelley, Wolter & Scott, PA, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on the Government's Objection [Docket No. 25] ("Obj.") to Magistrate Judge Jeffrey J. Keyes' July 22, 2014 Report and Recommendation [Docket No. 24] ("R&R"). In the R&R, Judge Keyes recommends granting Defendant Bartolomea Joseph Montanari's ("Montanari") Motion to Sever Counts [Docket No. 17]. For the reasons stated below, the Government's Objection is sustained, Judge Keyes' R&R is rejected, and Montanari's motion to sever is denied.

## II. BACKGROUND

In May 2014, the Government charged Montanari in a three-count indictment [Docket No. 1]. Count 1 alleges that Montanari evaded payment of employment and excise taxes due from businesses he controlled between 2009 to 2012. Specifically, Montanari is alleged to have misrepresented his place of residence, employment, bank account information, and other assets.

To prove Count 1, the Government must establish: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. See 26 U.S.C. § 7201; see also United States v. Schoppert, 362 F.3d 451, 454 (8th Cir. 2004).

Counts 2 and 3 charge mail and wire fraud arising from an alleged kickback scheme involving the purchase of a Caterpillar bulldozer.  Between October 2008 and January 2009, Montanari allegedly misrepresented the price of the bulldozer to his business partner and the financing company involved in the purchase, which allowed Montanari to fraudulently secure $100,000 for his personal use.  Montanari allegedly used this money as part of a down payment for his $1.4 million home in Tennessee.  To prove Count 2 (mail fraud), the Government must prove: (1) a scheme to defraud by means of material false representations or promises; (2) intent to defraud; (3) reasonable forseeability that the mail would be used; and (4) that the mail was used in furtherance of some essential step in the scheme.  See 18 U.S.C. § 1341; see also United States v. Louper-Morris, 672 F.3d 539, 555 (8th Cir. 2012).  The elements of Count 3 (wire fraud) are the same as the elements necessary to prove mail fraud, except that the Government must prove that it was reasonably foreseeable that interstate wire communications would be used and were in fact used.  See 18 U.S.C. § 1343; see also Louper-Morris at 672 F.3d at 555.

The business through which Montanari is alleged to have committed the bulldozer scheme is the primary business for which Montanari is alleged to have willfully evaded the payment of taxes.

## III. DISCUSSION

### A. Standard of Review

A district court must make an independent, de novo evaluation of objections made to an R&R. The district court may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636 (b)(1)(c); D. Minn. LR 72.2(b).[1]

### B. Government's Objection

The Government objects to the R&R on the basis that (1) federal law strongly favors joinder; (2) the alleged crimes are of a similar character; (3) the measure of proof will necessarily share numerous common facts and witnesses; and (4) little or no prejudice will result from trying all counts together. Obj. at 1.

### C. Joinder under Rule 8

Rule 8 of the Federal Rules of Criminal Procedure permits the Government to charge a defendant on separate counts in the same indictment if the offenses charged are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The objective of Rule 8 is to balance

---

[1] There is a split in authority in this District about the proper standard of review on a motion to sever an indictment. Compare United States v. Morris, No. 12-22(6), 2012 U.S. Dist. LEXIS 175977, at *15 (D. Minn. Dec. 12, 2012) (citing United States v. Ortiz, No. 08-CR-231, 2011 U.S. Dist. LEXIS 40897, at *1 (E.D. Wis. Apr. 8, 2011)) (holding that a motion to sever is nondispositive and reviewed for clear error ); see also United States v. Benedict, No. 13-150, 2013 U.S. Dist. LEXIS 127707, at *2 (D. Minn. Sept. 6, 2013) (same) with United States v. Midkiff, No. 06-407, 2007 U.S. Dist. LEXIS 62014 (D. Minn. Aug. 22, 2007) (reviewing Magistrate Judge's Report and Recommendation on defendant's motion to sever de novo). Because Magistrate Keyes issued his ruling as an R&R, the Court will review the Government's objection de novo pursuant to Local Rule 72.2(b).

the prejudice inherent in joint trials against the interests of judicial economy.  See  United States v. Jones, 880 F.2d 55, 60 (8th Cir. 1989).  Rule 8 is "broadly construed in favor of joinder to promote the efficient administration of justice."  United States v. Johnson, 462 F.3d 815, 821 (8th Cir. 2006) (citing United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002)).

In this case, the Government emphasizes the "same or similar character" prong of Rule 8(a) in its Objection.  Obj. at 2.  Offenses are generally considered of the same or similar character when the charges are (1) of the same type; (2) occur over a relatively short period of time; and (3) evidence as to each count overlaps.  See United States v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994); see also United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001) (holding that similar character means "nearly corresponding; resembling in many respects; somewhat alike; having a general likeness.").

As discussed in the R&R, Counts 1, 2 and 3 are similar in that each involves deceit and/or dishonesty.  However, this is an insufficient reason for joinder because "under such logic, *all* crimes could be joined because they are of a 'similar character' -- that is, they all involve violations of the law."  United States v. Roberts, No. 08-213, 2009 U.S. Dist. LEXIS 31845, at * 2 (D. Minn. Apr. 14, 2009).  The temporal and evidentiary relationship between the counts, however, does support joinder of Count 1 and Counts 2 and 3 for trial.

Montanari is alleged to have committed the bulldozer fraud between October 2008 and January 2009 and the evasion of tax payments between 2009 and 2012.  Rule 8 does not require that the alleged criminal conduct be concurrent, and in light of the evidentiary overlap discussed below, the temporal proximity of the charges weighs in favor of joinder.  See United States v. Meszaros, No. 06-0290, 2008 U.S. Dist. LEXIS 96014, at *19 (E.D.N.Y. Nov. 25, 2008) (noting

that two years between related fraud schemes was not too great of a temporal gap to support joinder under Rule 8(a)).

Most importantly, the Indictment—in alleging these three different varieties of financial crimes—suggests there will be significant overlap in regard to the evidence and witnesses relevant to each Count. Specifically, the Government notes that "proof of the tax count (Count 1) will require the Government to present evidence regarding the defendant's purchase of a $1.4 million mansion in Tennessee that was made with the proceeds of the defendant's fraudulent scheme as charged in Counts 2 and 3." Id. at 2-3. The Government argues that Montanari concealed the purchase of his Tennessee home. Concealment of assets may constitute affirmative actions taken to avoid the payment of taxes. See Schoppert, 362 F.3d at 459. Thus, evidence related to Counts 2 and 3 (use of the fraudulently acquired $100,000 toward the down payment on the $1.4 million home in Tennessee) will be directly relevant to the Government's effort to show that Montanari took at least one affirmative action to avoid the payment of taxes. Severing Count 1 from Count 2 and 3 will result in the need for calling many of the same witnesses for each trial. The overlapping evidence that may be admitted if there were two trials minimizes any prejudice to Montanari by joinder of the counts. Given the totality of these circumstances, the balance tips toward judicial economy.

Montanari argues that even if joinder is found to be appropriate under Rule 8(a), the Counts should still be severed under Rule 14 because "the proof of the allegations in count one will improperly prejudice the defendant's right to a fair consideration of the evidence in the remaining counts . . . ." Def. Resp. to Pl.'s Obj. 5 [Docket No. 26]. This argument is not persuasive. Rule 14 states that "[i]f the joinder of offenses . . . appears to prejudice a defendant

or the government, the court may order separate trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In order for severance to be granted under Rule 14, prejudice must be "severe or compelling." United States v. Kirk, 528 F.3d 1102, 1108 (8th Cir. 2008); United States v. Pherigo, 327 F.3d 690, 693 (8th Cir.), cert. denied, 539 U.S. 969, 123 S. Ct. 2663, 156 L. Ed. 2d 674 (2003). In this case, it is not possible to determine—based on the indictment alone—whether the evidence to be presented at trial will cause Montanari to be prejudiced in a severe or compelling way. Should Montanari feel that the high burden of Rule 14 is met during the course of trial, he may renew his motion for severance of Count 1 from Counts 2 and 3.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Objection [Docket No. 25] is **SUSTAINED**,

2. The Report and Recommendation [Docket No. 24] is **REJECTED**, and

3. Montanari's Motion to Sever Counts [Docket No. 17] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 11, 2014.